UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ORLANDO RIVERA,

                            Plaintiff,                          PRETRIAL ORDER

         v.                                                  99-CV-6224L

CUTLER-HAMMER, INC., et al.

                            Defendant.
_____

      This order will control the conduct of the trial in this case.

A.  <u>SCHEDULE</u>

      This case is hereby ordered for a jury **trial** on **June 15, 2009 at 8:30 a.m.**  This is a day-certain trial date which will not be adjourned.  The trial has been set far enough in advance so that all counsel are expected to protect this date with other judges so that they are not otherwise engaged in any other proceeding.

      Counsel must notify this Court immediately if a pretrial resolution of this matter has been reached.

      A **pretrial conference** is scheduled for June 3, 2009 at 2:30 p.m. in my chambers.  The attorneys who will actually try the case must be present at the pretrial conference.

      At the pretrial conference, the Court, together with the parties, will determine the trial schedule. It is the general practice of the Court to start each day of trial at 8:30 a.m. and run until 1:30 p.m. without a lunch break. In some cases, though, circumstances may dictate that trial be conducted all day, from 9:00 a.m. until approximately 4:30 p.m.

B. PRETRIAL SUBMISSIONS

Unless otherwise indicated below, the following pretrial submissions **MUST BE FILED with the Clerk of the Court and served on opposing counsel at least THREE WEEKS before the pretrial conference**. *See* FED. R. CIV. P. 26(a)(3); LOCAL R. CIV. P. 16.1(d).

1. *Voir Dire* Information

Each party must **file** a document entitled "*Voir Dire* Information" containing the following material, with each category started on a separate page:

    a.    A short description of the case to be read to the panel to identify the case and the claims and defenses at issue.

    b.    The name, firm name and business address of the attorney or attorneys trying the case and the names of any assistants that will be in court at counsel's table.

    c.    The full name and address of the client, including the name of any corporate representative that intends to appear at trial for the client.

    d.    A list of prospective witnesses that are expected to be called at trial, including expert witnesses and adverse party witnesses. Witnesses whose testimony the parties intend to introduce through depositions should be listed as well and identified as "deposition witnesses." *See* FED. R. CIV. P. 26(a)(3)(B) and (C). The Court may preclude the use, in the direct case, of any witness not identified on the witness list. For proper identification to the panel, the parties' witness lists should include the following information:

    (1)    The full name of the witness.

    (2)    The occupational association of the witness, *e.g.*, FBI, Monroe County Sheriff's Department, Eastman Kodak Company, Delta Laboratories, *etc*.

    (3)    The address and phone number of the witness.

      (4)    A brief statement of the general subject matter expected to be covered by the witness (*e.g.*, John Doe - plaintiff will testify about his injuries; Mary Smith - witness to the incident; Jane Doe, M.D. - will offer expert testimony about plaintiff's injuries).

    e.    The Court will conduct *voir dire* by asking a standard list of questions of the panel. The parties may submit a list of proposed questions they wish the Court to ask the panel. Failure to do so constitutes a waiver of any requests by that party. Generally, the Court conducts the entire *voir dire* but, depending on the circumstances of the case, the Court may allow counsel to make <u>brief</u> inquiry of the panel.

    2. <u>Exhibits</u>

    ALL exhibits shall be denominated by number. Plaintiff shall use numbers 1 through 399; defendant shall use numbers 400 through 699; and third-party defendants (if any) shall use numbers 700 through 899. Each exhibit must be physically tagged with the appropriate colored sticker (pink for plaintiff, blue for defendant and third-party defendants), and each exhibit must be physically numbered prior to commencement of trial.

    Except for extraordinary cause, the Court will not allow introduction into evidence of exhibits not listed on the exhibit lists and made part of the exhibit books as follows:

      a.    <u>Exhibit Lists</u> -- Each party must **file** an exhibit list containing those exhibits that the party anticipates introducing in either its direct case, *see* FED. R. CIV. P. 26(a)(3)(C), or during cross-examination pursuant to FED. R. EVID. 608 or 609. The list must be prepared on forms supplied by the Clerk's Office and must contain a brief description of the proposed exhibit.

      b.    <u>Exhibit Books</u> -- The parties must prepare and submit to all parties and the Court exhibit books containing copies of the exhibits listed on their exhibit list. Each exhibit book must consist of a three-ring binder with separately numbered tabs corresponding to each

exhibit. The proponent must prepare at least THREE (3) exhibit books -- one for use by the Court, one for use by witnesses on the stand, and one each for the other party/parties in the action. The proponent is not required to prepare an exhibit book for the other parties, however, if the proponent certifies that its exhibits have already been exchanged during discovery, or, if a particular exhibit cannot be copied, that it is available for inspection by the other parties.

    3.  Undisputed Facts and Stipulations

The parties must **file** a list of what they believe to be the **undisputed facts** in the case. *See* LOCAL R. CIV. P. 16.1(d)(a).

The parties should consider appropriate stipulations concerning undisputed facts or testimony. It is especially troubling to force custodians of business records and chain-of-custody witnesses to appear.

Any party that wishes to present proof by stipulation must submit to opposing counsel proposed stipulations of fact or proposed stipulations of testimony **at least TWO WEEKS before the pretrial conference** with a request that the party agree to the stipulations.

Counsel shall notify the proponent as soon as possible, but no later than **ONE WEEK before the pretrial conference**, whether it will agree to the proposed stipulations.

Proposed stipulations **do not have to be filed** with the Court.

    4.  Statement of Claims to be Pursued at Trial

The parties must **file** a statement containing a list of **the specific claims/causes of action** to be pursued at trial. This list should include the name or type of claim and a specific reference to the part of the pleading in which it was alleged (*e.g.*, Title VII race discrimination, as alleged in the third claim of plaintiff's complaint; breach of contract, as alleged in the first counterclaim of defendant's answer; common law indemnification, as alleged in the first claim of third-party plaintiff's third-party complaint).

Pleaded claims that will not be pursued at trial, but have not yet been disposed of by motion or otherwise, must be resolved or dismissed before trial.

5. Damages

Plaintiff (or defendant asserting cross-claims or counterclaims) must **file** an itemized statement of each element of special damages.

6. Expert Testimony

The parties must **file** a brief summary of the qualifications of all expert witnesses, and a concise statement of each expert's expected opinion testimony and the material upon which that testimony is expected to be based. *See* LOCAL R. CIV. P. 16.1(d)(5).

The parties must comply with all expert disclosure requirements and deposition rules, listed at FED. R. CIV. P. 26(a)(2) and (b)(4), and as ordered by the Court. The testimony of experts will be limited to the opinions and the grounds for each opinion set forth in the expert's report and any supplemental disclosure. *See* FED. R. CIV. P. 26(a)(2) and (e)(1). Failure to comply may result in preclusion of the testimony.

7. Deposition Testimony

The parties must **file** an itemized list of deposition testimony (with page and line references), that they intend to use in their direct case. The parties should attempt to reconcile and resolve any disputes as to admissibility prior to the pretrial conference. *See* FED. R. CIV. P. 32.

**At least ONE WEEK before the pretrial conference**, a party objecting to the use of deposition testimony must **file** its objections, setting forth the basis for the objection, supporting authority, and a copy of the transcript of the objectionable testimony. *See* FED. R. CIV. P. 32(b).

If no objections are filed, the party will be deemed to have waived any objections to the proffered deposition testimony.

      8.  Legal/Evidentiary Issues and Motions *in Limine*

The parties have an obligation to advise the Court as soon as possible of any significant issues of law involved in the case and any unusual questions relative to the admissibility of evidence, trial procedure or substantive issues.

**At least ONE WEEK before the pretrial conference** the parties must **file** any motions *in limine* concerning potential legal or evidentiary issues or procedural problems that may arise during the trial. *See* FED. R. CIV. P. 26(a)(3).

**All motions *in limine* must be accompanied by a memorandum of law which includes citation to relevant case law to assist the Court in resolving the issues.**

I do not intend to waste juror time in dealing with issues that could have been raised and discussed prior to trial. Surprises and gamesmanship have no place in a trial and benefit neither side. It is in the parties' interest that the Court be aware of potential problems so that careful consideration can be given to the parties' respective positions.

Some issues cannot be anticipated, but many evidentiary issues can be anticipated. Examples of such issues include: objections to the use of deposition testimony under FED. R. CIV. P. 32(a); objections to the admissibility of evidence based on FED. R. CIV. P. 37; the potential of witnesses to assert testimonial privileges; impeachment of any witness by evidence of his/her character or specific instances of conduct, under FED. R. EVID. 608, or by evidence of prior conviction, under FED. R. EVID. 609; the admissibility of other crimes, wrongs, or acts to prove intent and motive, *etc.* under FED. R. EVID. 404(b); authentication of tapes and voice identification; hearsay problems; prior inconsistent statements; and objections to expert testimony.

Objections not so disclosed, other than objections under FED. R. EVID. 402 and 403, may be waived absent a showing of good cause. *See* FED. R. CIV. P. 26(a)(3).

The Court may resolve *in limine* motions at the pretrial conference or schedule argument on a separate date before trial.

9. Jury Instructions

The Court gives standard jury instructions in every civil case, and the parties are **not required** to file proposed instructions concerning these matters. The Court's standard instructions include:

> Province of the Court and Jury
> Evidence in the Case
> Direct and Circumstantial Evidence
> Questions are not Evidence
> Jury's Recollection Controls
> Court's Questions to Witnesses
> Burden of Proof
> Preponderance of the Evidence
> Credibility of Witnesses
> Damages Must be Reasonable and not Speculative
> Manner of Deliberations

Plaintiff must **file** its proposed instructions on the substantive matters raised in the complaint, that is, the law relating to the causes of action pleaded, including damages. **Proposed jury instructions must be filed in a format that makes them available for selecting, cutting, copying, and pasting into other applications.** Otherwise, plaintiff must submit to the Court a floppy disk or cd that contains a text version of the proposed instructions.

Each proposed jury instruction must be **consecutively numbered** and each instruction must be set forth on a **separate page**. An **index** or **table of contents** for the instructions must be included. Legal authority or the source for the instruction must be set forth at **the end of each instruction**. If the instruction comes from a form book, for example, Sand, Modern Federal Jury

Instructions; Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>, or <u>New York Pattern Jury Instructions</u> (PJI), the parties must advise the Court as to whether the instruction as presented **has been modified** from the instruction that appears in the form book. Where no modification to the form instruction is necessary, it is sufficient to request a particular form instruction by listing the source, section number and name of the charge.

Defendant **must file** its own proposed jury instructions, in the form set forth above, regarding any counterclaim, affirmative defense or other issue on which it has the burden of proof.

The parties **must file** any objections or requested modifications to proposed instructions **at least ONE WEEK before the pretrial conference**.

Any other proposed jury instructions from either party, based on events occurring during trial, must be filed as soon as possible.

PREPARATION OF INSTRUCTIONS BEFORE TRIAL IS IMPORTANT BECAUSE THE COURT USUALLY INSTRUCTS THE JURY ON SOME ISSUES IN THE CASE AT THE <u>COMMENCEMENT</u> OF THE TRIAL IN ADDITION TO THE CONCLUSION OF THE TRIAL.

10. <u>Courtesy Copies</u>

Each party should bring to the pretrial conference one (1) courtesy copy of all pretrial submissions filed pursuant to this Order.

An additional courtesy copy of the pretrial submissions required in Paragraphs B.1. (*Voir Dire* Information) and B.2(a) (Exhibit Lists) of this Order must be provided to the court reporter **on the day of the pretrial conference**.

11. <u>Non-Jury Trials</u>

In the case of a non-jury trial, the parties need not prepare the pretrial submissions required in Paragraphs B.1(a), (b), (c), and (e) (*Voir Dire* Information) or B.9. (Jury Instructions). The parties must file all other pretrial submissions required herein, including a witness list in accordance with Paragraph B.1(d).

C. <u>JURY SELECTION</u>

Concerning jury selection, the parties should be familiar with LOCAL R. CIV. P. 47.1, 28 U.S.C. § 1870, and FED. R. CIV. P. 48. In most civil cases, a jury of eight (8) persons will be selected. The Court will use the "struck jury system" as described in LOCAL R. CIV. P. 47.1(f). The Court will allow peremptory challenges as provided in LOCAL R. CIV. P. 47.1, 28 U.S.C. § 1870, and FED. R. CIV. P. 48. Generally, the Court allows four (4) peremptory challenges per side.

Under this struck-jury system, the clerk will select a panel that equals the total of the number of jurors (8), plus the combined number of peremptory challenges allowed to the parties (normally 8). In the normal single-plaintiff, single-defendant case a panel of sixteen (16) jurors will be selected.

The Court (and, under certain circumstances, counsel) will conduct *voir dire* of the panel. The Court will give an opportunity to counsel, outside the presence of the jury, to make challenges for cause. Jurors on the panel excused for cause will be replaced by new prospective jurors.

Once the Court has determined that none of the panel should be dismissed for cause, the parties may exercise their peremptory challenges. Defendant will exercise peremptory challenges first by writing the name and number of the juror on the strike sheet that will be provided. The strike sheet will then go to the plaintiff who will make his/her own strike by writing the name and number of a juror. The strike sheet will then come to the Court who will announce the jurors

that have been excused. This process will continue against the panel until the parties have either exhausted or waived the allotted number of peremptory challenges. Plaintiff, who has the burden of proof at trial, will get the last strike.

If a party does not exercise a challenge during a particular round, the party loses only that peremptory challenge and may make other peremptory challenges in later rounds against anyone on the panel.

The first eight (8) panel members remaining will constitute the jury.

Sheets for filling in juror information during *voir dire* are available from my courtroom deputy.

D.  TRIAL PROCEDURE

The Court will advise counsel of its daily schedule so that arrangements can be made for witnesses, *etc*.

The evening before each day's session, counsel will advise the Court and opposing counsel of the witnesses expected to be called the following day. Counsel are responsible for having witnesses available as needed.

I expect the parties to cooperate in scheduling witnesses. The Court is not adverse to taking witnesses out of turn to accommodate experts and other non-party witnesses.

Jury time is valuable time and the Court will not tolerate squandering of this time with bench conferences and conferences in chambers concerning matters that could be resolved before the jury is summoned, during breaks, or in the evening.

If the Court recesses to 8:30 a.m., for example, it is expected that we will begin proof at that time. If the parties even remotely expect problems or need to see the Court, they must make arrangements to meet with the Court at a time **before** the jury is scheduled to arrive, or in the evening **after** the jury has left. **Nothing aggravates jurors more than waiting without**

**explanation for long periods of time while counsel resolve matters that could have been resolved sooner.**

The Court may set time limits for opening statements and closing arguments and it is expected that counsel will adhere to those limits.

All charts not intended to be offered into evidence, other demonstrative evidence or items of physical evidence, must be made available for inspection and examination in Rochester, or some other mutually agreeable place, at least two (2) business days before being offered in evidence or displayed to the jury.

Exhibits that have been marked and received into evidence will be kept during proceedings on the counter next to the court reporter.  In the evenings, each side will be responsible for maintaining custody of its exhibits and returning them to court the next day (unless other arrangements are made with the Court).

So that the Court, jurors, all parties and the public can hear the proceedings, counsel should address questions to witnesses from podiums in the courtroom.  I will allow some peripatetic questioning as long as counsel can be heard.

Counsel need not ask permission to approach a witness with a document, but otherwise questioning should be done from no closer than the podium.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 28, 2008.